KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1545-JAH |
|---|---|---|
| Plaintiff, | ) ) ) | Date: June 30, 2008<br>Time: 8:30 a.m.<br>Place: Courtroom 11 |
| v. | ) ) | The Honorable John A. Houston |
| RODRIGO GUEVARA-OSUNA, | ) ) ) | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendant. | ) ) ) ) ) | |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions in the above-referenced case for (1) Fingerprint Exemplars; (2) Reciprocal Discovery; and (3) Leave to File Further Motions. These motions are based on the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//

//

//

# I

# STATEMENT OF THE CASE

On May 14, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Rodrigo Guevara-Osuna ("Defendant") with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). On May 27, 2008, Defendant was arraigned on the Indictment and pled not guilty. The motion hearing is on June 30, 2008. The United States files the following motions for fingerprint exemplars, reciprocal discovery and leave to file further motions.

# II

# STATEMENT OF FACTS

### A.    OFFENSE CONDUCT

On February 27, 2008, at approximately 11:00 a.m., Border Patrol Agent J. Flores was performing line watch duties near the town of Jacumba, California, in an area that is adjacent to the U.S./Mexico international border and approximately 25 mile east of the Tecate, California, Port of Entry. Agent Flores was driving west on Interstate 8 when he observed Defendant walking north of Interstate 8 near Call Box 8-771. Agent Flores approached Defendant and identified himself as a U.S. Border Patrol Agent. Agent Flores performed a field interview of Defendant, and Defendant admitted that he was a citizen and national of Mexico without any proper immigration documents that would allow him to enter or remain legally in the United States. Agents Flores arrested Defendant and transported him to the Boulevard Border Patrol Station for processing.

### B.    DEFENDANT'S IMMIGRATION HISTORY

A records check confirmed that Defendant is a citizen and national of Mexico, and that Defendant was ordered excluded, deported, and removed from the United States to Mexico pursuant to an order issued by an immigration judge on August 8, 1997. Defendant was physically removed from the United States to Mexico on four prior occasions: (1) February 2, 1993; (2) August 9, 1997; (3) October 9, 2001; and (4) October 6, 2006. After Defendant's last deportation, there is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

### C. **DEFENDANT'S CRIMINAL HISTORY**

Defendant has an extensive criminal history. The United States propounds that Defendant has at least thirteen criminal history points placing him in Criminal History Category VI. The following is a summary of defendant's criminal history:

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 7/02/1975 | Cal. Superior Ct. Los Angeles | Cal. Penal Code § 496 – Receipt of Stolen Property | 30 days jail, 2 yrs probation |
| 1/18/1977 | Cal. Superior Ct. Ventura | Cal. Vehicle Code § 23103 – Reckless Driving | 2 yrs summary probation |
| 2/08/1978 | Cal. Superior Ct. Los Angeles | Cal. Vehicle Code § 23103 – Reckless Driving | 2 yrs summary probation |
| 5/05/1978 | Cal. Superior Ct. Los Angeles | Cal. Vehicle Code § 23102(A) – DUI (misd.) | 1 yr summary probation |
| 7/24/1991 | Cal. Superior Ct. Los Angeles | Cal. Penal Code § 459 – Second-Degree Burglary (felony) | 180 days jail, 3 yrs probation |
| 6/16/1992 | | Probation revoked | 16 months prison |
| 6/16/1992 | Cal. Superior Ct. Los Angeles | Cal. Penal Code § 459 – Second-Degree Burglary (felony) | 16 months prison |
| 12/15/1993 | Cal. Superior Ct. Los Angeles | Cal. Vehicle Code § 10851(A) – Taking Vehicle without Consent (felony) | 2 years prison |
| 9/14/2000 | Cal. Superior Ct. Los Angeles | Cal. Penal Code § 459 – First-Degree Residential Burglary (felony) | 2 years prison |
| 10/01/2004 | U.S. District Ct. Los Angeles | 8 U.S.C. § 1325 – Illegal entry (misd.) and Illegal Entry (felony) | 30 months prison, 1 yr supervised release |

//
//
//
//
//
//
//

### III

### MEMORANDUM OF POINTS AND AUTHORITIES

#### A.    MOTION FOR FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may fingerprint defendant and use criminal and immigration records in § 1326 prosecution). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence would not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969). See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial).

#### B.    MOTION FOR RECIPROCAL DISCOVERY

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

##### 1.    Defendant's Disclosures Under Fed R. Crim. P. 16(b)

The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 150 pages of discovery (including reports of the arresting officers and agents, criminal history reports, documents from Defendant's A-File concerning Defendant's prior convictions, immigration history, and citizenship) and one cassette tape of Defendant's civil deportation hearing held before an immigration judge on August 8, 1997. As of the date of this Motion, the United States has not received any reciprocal discovery from Defendant. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in

connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

### 2. Witness Statements Under Fed. R. Crim. P. 26.2

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### C. MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

## IV

## CONCLUSION

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions.

DATED: June 17, 2008

    Respectfully submitted,

    KAREN P. HEWITT
    United States Attorney

    /s/ ***Joseph J.M. Orabona***
    JOSEPH J.M. ORABONA
    Assistant United States Attorney